(169 App. Div. 586)

**MINSKY v. OFFENBERG et al. (No. 7683.)**

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

MASTER AND SERVANT ⬸101, 102—INJURIES TO SERVANT—SAFE APPLIANCES.
     Where the machines used by a master were adequate for the purpose used, kept in good repair, and properly guarded, the master is not liable for an accident, though the machines were not the newest and most approved, which would necessarily obviate accidents.

     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. ⬸101, 102.]

Appeal from Trial Term, New York County.

Action by Samuel Minsky against Israel Offenberg and Lena Offenberg, doing business as the Brooklyn Showcase Company. From a judgment for plaintiff, and an order denying new trial, defendants appeal. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore H. Lord, of New York City, for appellants.

Moses Feltenstein, of New York City, for respondent.

SCOTT, J. Plaintiff, while working a ripsaw in defendant's shop, lost a finger. The sharply contested question of fact in the case was whether or not the saw was guarded. Plaintiff, of course, said it was

not; but the decided preponderance of evidence was to the effect that it was. Although the complaint charged the defendant with many forms of negligence, there was no charge that the machine on which plaintiff was working was of an obsolete pattern, or was not a proper machine to do the work for which it was used. The court, however, over defendant's objection and exception, permitted the plaintiff to prove that for some years prior to the accident there had been in common use an automatic ripsaw, in working which the operator was not required to use his hands on the wood.

Defendant insisted that the jury should be instructed that, if the saw was properly guarded, the plaintiff could not recover. It was conceded that this would be a proper instruction "on that branch of the case," as defendant's counsel phrased it; but he insisted that the question should also be submitted to the jury whether or not the machine, with or without the guard, was a proper kind of machine to give the plaintiff to work upon, because of the others which were in general use, and the court so charged. This was clearly error. An employer is under no obligation to use only the newest and most approved machines, provided those which he does use are adequate for the purpose required, kept in good repair, and properly protected. Except as to the disputed question of a guard, there seems to be no doubt, upon the evidence that defendant's machine, if not of the latest pattern, fulfilled the above requirements. As has been said, no question was raised by the complaint as to the adequacy of the defendant's machine, and they were not called upon to prepare to meet any such issue. In view of the preponderance of evidence in favor of defendant's claim that the saw was properly guarded, we must assume that the jury rendered its verdict upon the question which was improperly submitted to it.

The judgment and order appealed from are reversed, and a new trial granted, with costs to appellant to abide the event. All concur.